UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:

SHARENA LAREASA TAYLOR,                       CASE NO. 22-12688-JCO

   Debtor.                                                              Chapter 13

## MEMORANDUM ORDER AND OPINION

This matter came before the Court for an evidentiary hearing on the Debtor's Objection to the Proof of Claim filed by Richard Burrell. (Doc. 77). Proper notice of hearing was given and appearances were noted by the Debtor, Sharena Taylor, Attorney Stephen Klimjack as Debtor's counsel, pro se claimant Richard Burrell ("Mr. Burrell"), and Attorney Howard Benjamin "Ben" Kelly.[1] Upon consideration of the record, pleadings, testimony, and exhibits this Court finds that the Debtor's Objection to Claim (ECF 13-1) is due to be sustained for the reasons below.

## JURISDICTION

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§1334 and 157, and the Order of Reference by the District Court dated August 25, 2015. This is a core proceeding under 28 U.S.C. §157 (b)(2)(B).

---

[1] Attorney Kelly's appearance was as a fact witness, due to his prior representation of Burrell in pre-petition state-court Litigation, and it was noted on the record that he does not represent Burrell in this bankruptcy.

1

FACTS

On or about February 3, 2022, Richard Burrell ("Mr. Burrell") by and through Attorney Howard Benjamin Kelly ("Mr. Kelly") instituted a breach of contract action ("Litigation") against the Debtor, Sharena Taylor, in the Circuit Court of Clarke County, Alabama.[2] (ECF Claim No. 13-1 at 4-5). The Litigation was pending when Taylor filed her Chapter 13 Petition on December 21, 2022. Notice of Taylor's Bankruptcy filing was sent to Mr. Burrell *in care of Mr. Kelly* at P.O. Box 188 Jackson, Al 36545 on January 5, 2023.[3] (Docs. 8, 11). The Notice of the Chapter 13 Bankruptcy Case provided the case number, court address, and deadline of March 13, 2023 for the filing of non-governmental claims. (Doc. 11). The Debtor's bankruptcy schedules listed Mr. Burrell as an unsecured creditor in the amount of $20,469.00. (Doc. 1 at 38). Taylor's Chapter 13 plan was confirmed on June 13, 2023 providing for 100% dividend to unsecured creditors. (Docs. 34, 49,72). On September 3, 2025, Mr. Burrell filed a pro se proof of claim ("POC") reflecting a debt of $22,105.00 described as "Monies Loaned/Civil Judgment/Attorney Fee." (ECF Claim No. 13-1).

The Debtor objected to Mr. Burrell's POC as untimely because: (1) Notice of the bankruptcy was sent to Mr. Burrell (via Mr. Kelly as his counsel of record in the Litigation) on January 5, 2023 reflecting that March 13, 2023 proof of claim bar date; and (2) a suggestion of bankruptcy was filed in the State Court Litigation on April 7, 2023 and served on Mr. Kelly as counsel for Mr. Burrell. Although Mr. Kelly represented Mr. Burrell in the pre-petition state court Litigation, he does not represent Mr. Burrell with regard to the bankruptcy.

---

[2] *Burrell, v. Taylor,* CV No. 2022-900008, Clarke County Circuit Court.
[3] The P.O. Box address was listed as Attorney Kelly's Address on the State Court Complaint.

At the initial November 5, 2025 setting on the Debtor's Objection to Mr. Burrell's POC, both parties referenced the state-court Litigation and consented to this Court taking judicial notice thereof. The Alacourt Case Action Summary reflects that: (1) Mr. Kelly was Mr. Burrell's counsel in the Litigation; (2) Taylor's Counsel filed a Suggestion of Bankruptcy on April 7, 2023; (3) the Suggestion of Bankruptcy was served on Mr. Kelly as counsel for Mr. Burrell by U.S. mail and e-mail; (4) the Circuit Court stayed the Litigation and placed it on the Administrative Docket on April 10, 2023; and (5) notice of the stay of that proceeding was transmitted via Alacourt e-mail notification to Mr. Kelly the same date.[4] As this Court did not find the AlaCourt records sufficient to establish if and when Mr. Burrell personally received actual notice of Taylor's bankruptcy, the Court set this matter for evidentiary hearing on February 3, 2026.

Mr. Burrell testified at the hearing. He stated that he did not receive notice of Taylor's bankruptcy filing from the bankruptcy court. Although he could not recall the exact date he learned of the bankruptcy, he recalled it was not until he went to a state district court setting, which he believed was sometime in July 2024.[5] The Court noted that Mr. Burrell's confusion may have been caused in part by notices he received regarding state court settings after the bankruptcy was filed. (See doc.88-1 at 4)(Alacourt entry on 4/4/2023 reflecting that the case was set for bench trial on 6/21/2023.) Mr. Burrell's testimony also established that he lives in Jackson, Alabama, he had difficulty understanding the proper court to pursue his claim, and he was confused about where the bankruptcy court was located.

Mr. Kelly also testified at the hearing. His testimony established that: (1) his office received Notice of Taylor's bankruptcy filing; (2) his staff made calls and left messages for Mr. Burrell

---

[4] State Court Litigation Alacourt doc. nos. 23,24,25,26.
[5] This Court understands that Mr. Burrell's use of the term "district court" as referring to the State Court Litigation.

suggesting that he acquire bankruptcy counsel; (3) he met with Mr. Burrell in his office on February 9, 2023 wherein he advised him to acquire bankruptcy counsel and that he only had a short time period to file a claim; and (4) he had other communications with Mr. Burrell at the setting of the state court Litigation on June 21, 2023 and via written correspondence in July 2023 urging him to obtain bankruptcy counsel. Mr. Kelly also produced a copy of his redacted appointment book reflecting his February 9, 2023 meeting with Mr. Burrell.

ANALYSIS

The Bankruptcy Rules generally require claims in Chapter 13 proceedings to be filed within 70 days of the Order of Relief. *Fed. R. Bankr. P. 3002(c)*. This proof of claim deadline presumes adequate notice to the creditor. *Fed. R. Bankr. P. 1007.* In voluntary bankruptcy cases, the debtor must file with the petition a list containing, "the name and address of each entity included or to be included on schedules, D, F/F, G, and H."[6] *Fed. R. Bankr. P.1007(a)(1); Official Bankruptcy Form 6.* The language of Bankruptcy Rule 2002(g) provides that a debtor shall send all notices directly to the creditor unless the creditor's agent directs otherwise in a request filed with the Bankruptcy Court. The Eleventh Circuit has addressed adequate service in the context of Chapter 11 proceedings and arrived at differing conclusions based on the specific facts. See *In re Alton*, 837 F.2d 457 (11th Cir.1988)(Notice sent to creditor's lawyer was held sufficient notice to discharge the indebtedness owed to the creditor because the creditor had actual knowledge of the bankruptcy case); *In re Spring Valley Farms, Inc.*, 863 F.2d 832 (11th Cir.1989)(Notice of a bankruptcy filing sent to a creditor's lawyer was not sufficient because the creditor did not have

---

[6] These schedules list secured claims, unsecured claims, executory contracts and unexpired leases and co-debtors, respectively.

notice of the claims bar date.) Hence, the determination of whether notice of a bankruptcy filing provided to a creditor's lawyer, but not to the creditor himself, is sufficient, depends on the circumstances of each particular case. *In re Barnes*, 326 B.R. 832, 839 (Bankr. M.D. Ala. 2005). Due process requires "notice reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action." *Mullane v. Central Hanover Bank & Tr. Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

In order to safeguard the finality of the proceedings, Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix ... the time within which proofs of claim or interest may be filed." *See Hoos & Co. v. Dynamic Corp. of America*, 570 F.2d 433, 439 (2d Cir.1978); *In the Matter of Evanston Motor Co., Inc.*, 26 B.R. 998, 1005 (N.D.Ill.1983), aff'd, 735 F.2d 1029 (7th Cir.1984). After the passage of this deadline, commonly referred to as the bar date, the claimant cannot participate in the reorganization unless he establishes sufficient grounds for the failure to file a proof of claim. See generally *In re South Atlantic Financial Corp.,* 767 F.2d 814, 817 (11th Cir.1985), cert. denied, 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986).

Courts have held that listing an attorney's name and address (rather than the creditor's) does not meet the requirements of Rule 1007. *In re Barnes*, 326 B.R. 832, 838 (Bankr. M.D. Ala. 2005)( noting that the Debtor did not strictly comply with the pertinent rules when he listed the Creditor at an address in care of his lawyer, rather than the creditor's address[7]); *In re Hutchison*, 187 B.R. 533, 536 (Bankr.S.D.Tex.1995)(holding that debt was not discharged because imputed notice to creditor's attorney was not sufficient); *In re Kouterick*, 161 B.R. 755, 758 (Bankr. D.N.J. 1993)(explaining that it does not necessarily follow that an attorney will automatically represent a

---

[7] Although the Court found that the Debtor failed to strictly comply with the notice requirements, it ultimately held that the Creditor had knowledge of the bankruptcy based Creditor's attorney's testimony that he received the bankruptcy Notice and advised his client of the same. )

5

Case 22-12688    Doc 90    Filed 02/18/26    Entered 02/18/26 15:41:57    Desc Main
Document      Page 5 of 8

client in subsequent case and the only safe way to ensure proper service of notices is to serve the creditor directly); *In re Szczepanik*, 146 B.R. 905, 912 (Bankr. E.D.N.Y. 1992)( noting that under *Fed .R. Bankr. P. 1007(a)(1)*, the debtor must list the name and address of each creditor and the attorney's name does not meet the requirement.); *In re Meek*, 126 B.R. 1021, 1022–23 (Bankr. E.D. Ark. 1991)("For a debt to be duly listed . . . the debtor must state the name and address of the creditor . . .[h]ere the debtor listed the creditor's name incorrectly and sent him notice of the filing of the bankruptcy case in care of an attorney at a law office address."); "Generally ... an attorney's representation of a party in one action does not make the attorney an agent for the party in an unrelated case between the same parties." *Maldonado v. Ramirez*, 757 F.2d 48, 51 (3rd Cir.1985). See also *Durbin Paper Stock Co. v. Hossain*, 97 F.R.D. 639 (S.D.Fla.1982).

Other courts have found that an attorney's actual notice of the pendency of a bankruptcy may be imputed to his client if it occurs within the scope of the attorney-client relationship. *In re Sam*, 894 F.2d 778 (5th Cir.1990); *In re Medaglia*, 52 F.3d 451 (2d Cir.1995); *In re Price*, 79 B.R. 888 (9th Cir.B.A.P.1987), aff'd, 871 F.2d 97 (9th Cir.1989). In assessing the efficacy of service, court have explained that, the question to ask is, ". . .how someone 'desirous of actually informing' the creditor would go about reaching him.") *In re Manausa*, No. 13-40282-KKS, 2013 WL 12233953, at 3 (Bankr. N.D. Fla. Dec. 12, 2013)(citing *Jones v. Flowers*, 547 U.S. 220, 229 (2006.)

This Court agrees with the reasoning of *In re Barnes* and similar decisions holding that listing an attorney's name and address (rather than the creditor's) does not meet the requirements of Rule 1007. *In re Barnes* at 838. As bankruptcy is a specialized area of law wherein timelines are paramount, this Court is sensitive to the requirements of due process. Under the circumstances here, the Debtor should have directly noticed Mr. Burrell.[8] While notice to Mr. Kelly benefitted

---

[8] This Court believes the best practice in instances such as this is for Debtor's counsel to notice both the creditor and their counsel.

6

the Debtor (in apprising counsel of the automatic stay to cease litigation efforts), the lack of notice directly to Mr. Burrell resulted in a great deal of unnecessary confusion. The letters and testimony Mr. Kelly offered at the hearing did not clearly establish whether the actual "Notice of Chapter 13 Bankruptcy Case" (Official Form 3091), including the case information, court information, and bar date, was ever transmitted to Mr. Burrell.[9] Thus, the Court finds that the initial Notice of the bankruptcy sent solely in care of Mr. Kelly did not constitute good service on Mr. Burrell.

Despite the lack of adequate service of the initial bankruptcy Notice, the evidence established that Mr. Burrell had actual notice of Taylor's bankruptcy filing sometime in 2023. Mr. Kelly credibly testified that he informed Mr. Burrell of Taylor's bankruptcy at their February 9, 2023 meeting and advised him to hire bankruptcy counsel. Additionally, Mr. Burrell testified that he learned of the bankruptcy at a setting in the state court litigation. Although Mr. Burrell recollected that the setting took place in 2024, the Alacourt Case Action Summary denotes the last court setting in June 2023. Mr. Burrell did not file his Claim until September 3, 2025, which was approximately 29 months after expiration of the bar date, more than two years after the last setting in the state court Litigation, and more than a year after the latest possible date (sometime in 2024) when Mr. Burrell recollected that he became aware of the bankruptcy.

As noted above, Bankruptcy Rule 3003(c)(3) fixes a deadline by which proof of claims may be filed, after which, a claimant cannot participate in the reorganization unless he establishes sufficient grounds for the failure to file a proof of claim. The claims allowance process is an integral component of the court's equitable power to restructure debtor-creditor relationships. *In re Dana Corp.*, 2008 WL 2885901 at 2 (Bankr. S.D.N.Y. July 23, 2008). Although this Court is

---

[9] The letters introduced by Mr. Kelly at the hearing which he indicated he sent to Mr. Burrell were dated after the claims bar date had already passed and only contained vague references to timelines, rather than actual dates.

ever mindful of a debtor's duty to afford due process to creditors, such requirement is counterbalanced by the duty of a creditor with actual knowledge to take necessary steps to preserve his rights. *In re Bowen*, 89 B.R. 800, 805 (Bankr. D. Minn. 1988). In this case, the bar date was March 13, 2023. The evidence established that Mr. Burrell was informed of the bankruptcy filing in 2023 but did not file his Claim until 2025. Although it is unfortunate that he did not have the benefit of bankruptcy counsel to assist him in navigating the bankruptcy deadlines and processes, application of the Bankruptcy Code, Rules, deadlines, and applicable law requires this Court to disallow the Claim.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED, ADJUDGED, and DECREED that the Debtor's Objection to the Proof of Claim filed by Richard Burrell (ECF Claim No. 13-1) is SUSTAINED and the Claim is DISALLOWED.

Dated: February 18, 2026

_____
JERRY OLDSHUE
CHIEF U.S. BANKRUPTCY JUDGE